5th May, 1810.
Brevard, J.,
delivered the opinion of the whole court. Stated the case, and proceeded : To the plea in bar of a verdict for the defendants in a former action for the same cause,, the plaintiffs did not demur, as they might have done, if the plea was improper, but joined issue on the matter of fact tendered by the plea. From this appearing on record, it is to be inferred, that the questions of fact upon which this issue turned were fairly discussed, tried and determined. The .jury found for the defendants, and the right of properly was established in them. If General Ca.-sey had been duly vouched in the first action brought in Charleston,, he possibly might have brought forward evidence to establish the right of property in Joshua Whitmore, or his representatives. If he had not done so, the verdict in that case would he good evidence-against him; otherwise, it cannot be adduced, either directly, or' indirectly, to operate against him, or affect hie estate. It may be *425 that the plea in bar was improper; and it may be too, that the ver-diet in the second action was erroneous; but this court is bound to presurntfithat both were right. If they were not right, it cannot be imputed to Casey that they were not so. If they were both correct, then Casey cannot, on legal principles, be answerable in this action; because the right of property was established by the verdict in favor of the defendants, the Jones’s, in.the first action, of which Casey had no notice, and which cannot be admitted to bind or affect him ; and because the verdict in the first action was the ground upon which the second action was determined in favor of the defendants, in which latter action, Casey had no opportunity of adducing evidence to prove a title superior to that, under which the defendants in the first action had maintained their possession, being concluded by the plea in bar of a verdict in a former action, which he had no opportunity to controver
But it has been urged that the estate of Casey is liable, as he did not appeal from the decision of the second action of trover, which was clearly erroneous. We are of opinion it was not his duty to appeal, even if the decision was wrong, as it was not his fault that such a de-cisión took place.' The decision of the issue to be tried in the second action could not possibly affect Casey, although he was regularly vouched ; because it turned on the allegation and denial offsets relative to a former verdict, which did not concern him, and did not relate direedy to the right of property in the negro he had sold. From any thing, then, which appears to us, although the fact may be otherwise, Casey may have had a good legal title to the slave at the time he sold him to Joshua Whitmore; and the Jones’s may have had the best legal title to the same slave at the time when the actions against them were tried; or a better title than that under which the plaintiffs claimed.
Motion rejected,